**IN THE UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS**

| | | |
|---|---|---|
| **DEBORAH DREILING** | ) | |
| *Plaintiff* | ) | |
| vs. | ) | Case No. 2:21-cv-2419 |
| | ) | |
| **MRC SNF MANAGEMENT LLC d/b/a** | ) | |
| **RECOVER-CARE HEALTHCARE** | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| *Defendant* | ) | |

## COMPLAINT

Plaintiff Deborah Dreiling alleges the following Complaint against MRC SNF Management LLC d/b/a Recover-Care Healthcare ("Defendant").

## NATURE OF THE CLAIM

1. This is an employment discrimination case alleging violations of the Americans with Disabilities Act and retaliatory discharge under Kansas common law.

2. From March 2010 until her discharge on June 24, 2020, Plaintiff was employed as a Clinical Liaison for Defendant and its two predecessor companies.

3. As a Clinical Liaison, Plaintiff generated business for Defendant by contacting and visiting various medical facilities and hospitals.

4. On January 24, 2020, Plaintiff sustained an injury while carrying out work for Defendant. The injury resulted in a disabling condition that impaired her ambulation and prevented her from driving. When Plaintiff reported the injury, Defendant deterred her from exercising her workers' compensation rights. When Plaintiff asked to work remotely, Defendant denied her the accommodation. On June 24, 2020, Defendant fired Plaintiff claiming that it could not allow her to work remotely, and therefore she could not work and must be fired. When Defendant fired Plaintiff, the medical facilities and hospitals of Kansas which served as Plaintiff's clientele were restricting non-vital visitors from their facilities to protect against COVID-19 transmission. Those

in professions like Plaintiff's were forced to work remotely including at least one of Defendant's other liaisons.

5. By these actions, Defendants violated the Americans with Disabilities Act and Kansas common law concerning retaliatory discharge law and caused Plaintiff to suffer damages.

## PARTIES

6. **PLAINTIFF DEBORAH DREILING** is a female citizen of the USA domiciled in Kansas.

7. When Plaintiff worked for Defendant, she was an "employee" of Defendant as that term is defined by 42 USC § 12111(4) because she was employed by Defendant, who is an "employer."

8. When Plaintiff worked for Defendant, she was an individual who with or without reasonable accommodation could perform the essential functions of the employment position that she held.

9. When Plaintiff worked for Defendant, she was a "qualified individual" as defined by 42 USC § 12111(8) because she could perform the essential functions of her employment position with reasonable accommodation.

10. Plaintiff is a person with a "disability" as defined by 42 USC § 12102(1) because she has a physical impairment that substantially limits one or more major life activities including ambulation and driving.

11. **DEFENDANT** is a limited liability company formed under the laws of Delaware.

12. Defendant is authorized and registered to do business in Kansas.

13. Defendant's headquarters or principal place of business is in New York.

14. Defendant employed Plaintiff to work in Kansas and each of the discriminatory acts alleged in this Complaint occurred in Shawnee, Kansas.

15. When Plaintiff performed labor for Defendant, Defendant was an "employer" as defined by 42 USC § 12111(5) because it engaged in an industry affecting commerce and had 15 or more employees.

16. Defendant is currently an "employer" as defined by 42 USC § 12111(5) because it engaged in an industry affecting commerce and had 15 or more employees.

17. When Plaintiff worked for Defendant, Defendant was a "covered entity" as defined by 42 USC § 12111(2) because it was an "employer."

18. Defendant is currently a "covered entity" as defined by 42 USC § 12111(2) because it was an "employer."

19. When Plaintiff worked for Defendant, Defendant was a "person" as defined by 42 USC § 12111(7) because it was a "partnership," "association," "corporation," or "one or more individuals."

20. Defendant is currently a "person" as defined by 42 USC § 12111(7) because it is "partnership," "association," "corporation," or "one or more individuals."

21. Defendant is an entity that acts through its agents and employees. It is liable for the conduct of its agents acting within the course and scope of their agency, its own negligence, the acts of its agents which it knowingly ratifies, injuries incurred by agents' performance of its non-delegable duties, acts done by agents for which the agency relationship allows or assists the agent to perform, and acts its agents take by virtue of their position with Defendant.

## SUBJECT MATTER JURISDICTION

22. This Court has original subject matter jurisdiction over this case pursuant to 28 USC § 1331 because Plaintiff makes claims under federal law, *to wit:* the Americans with Disabilities Act, 42 USC §§12101 – 12213 ("ADA").

23. This Court has supplemental jurisdiction over Plaintiff's Kansas law claim of retaliatory discharge pursuant to 28 USC § 1367 because the Kansas law claim is so related to his ADA claim that it forms the same case or controversy for purposes of Article III of the United States Constitution. All the claims alleged herein are tied to Plaintiff's disability, status as an injured worker, and protected activity.

## VENUE

24. Venue is proper in this District pursuant to 28 USC § 1391(b) because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred within this District.

## ADMINISTRATIVE PROCEDURES

25. On December 21, 2020, Plaintiff filed a charge of discrimination against Defendant/Recover Care-Healthcare with the U.S. Equal Employment Opportunity Commission (EEOC) alleging Defendant had violated the ADA by discriminating against her. The EEOC assigned this charge the Charge Number 563-2021-00698, which is attached hereto as **EXHIBIT A** and incorporated by reference**.**

26. Defendant received notice of Charge No. 563-2021-00698.

27. The parties did not engage in conciliation or mediation through the EEOC.

28. On December 29, 2020, Plaintiff filed an amended charge of discrimination against Defendant with the EEOC specifically naming Defendant as MRC SNF Management LLC d/b/a

Recover-Care Healthcare. Plaintiff's amended Charge No. 563-2021-00698 is attached hereto as **EXHIBIT B** and is incorporated by reference.

29. On June 28, 2021, the EEOC issued Plaintiff her Notice of Right to Sue pursuant to the ADA concerning Charge No. 563-2021-00698, authorizing her to bring a civil action against Defendant within 90 days. That Notice of Right to Sue is attached hereto as **EXHIBIT C** and is incorporated by reference.

30. Plaintiff has exhausted all administrative remedies before bringing this action.

31. Ninety days from June 28, 2021, is September 26, 2021.

32. Complaint was filed before September 26, 2021.

33. Accordingly, all claims alleged herein have been timely filed.

## FACTS

34. In March 2010, Plaintiff was hired and employed as clinical liaison for Defendant's two predecessor companies.

35. In about April 2017, Plaintiff was hired by and began employment with Defendant in the same job, clinical liaison.

36. As a clinical liaison, Plaintiff generated business for Defendant by working with various medical facilities and hospitals in Kansas.

37. On January 24, 2020, Plaintiff was driving to an event at the Olathe medical center in the course of her job, and in carrying out her work for Defendant she exited her car, slipped on ice, fell to the asphalt, and suffered a back injury.

38. Plaintiff informed Defendant of her work injury, physical condition, need for medical treatment, and need for accommodations.

39. When Plaintiff informed Defendant of her injury, Defendant asked Plaintiff if she was going to bring a workers' compensation claim against Defendant, if Plaintiff was going "to sue" Defendant, and told Plaintiff that she could not bring a workers' compensation claim against Defendant based on the circumstances of her injury.

40. After sustaining the work injury, Plaintiff continued to carry out her work duties until Defendant told her to stop working.

41. Plaintiff sought medical treatment on her own and informed Defendant.

42. Plaintiff was diagnosed with anterolisthesis (misalignment of the vertebrae), degenerative disc disease, endplate sclerosis, acute lumbar radiculopathy, and a lumbar sprain. These conditions caused Plaintiff's foot to go numb, affected her ability to walk, run, or jog, and prevented her from driving.

43. Plaintiff's doctor restricted her driving.

44. Plaintiff informed Defendant of her treatment and inability to drive and requested to work remotely from home or Defendant's facility in Shawnee, Kansas.

45. In response, Defendant told Plaintiff that she could not work, that she must stop working, and told her to take medical leave.

46. Plaintiff then requested paid time off and medical leave and submitted family medical leave papers with Defendant.

47. Throughout the spring and summer of 2020, Plaintiff informed Defendant that she could work remotely from home or its Shawnee, Kansas facility, and asked to work remotely as an accommodation for her disability.

48. Without engaging Plaintiff or her physician in the interactive process, Defendant refused to allow Plaintiff to work from home or its Shawnee, Kansas facility.

49. In 2020, Defendant allowed another clinical liaison to work from its Merriam, Kansas facility in the exact same manner that Plaintiff was requesting. Medical facilities were not allowing non-critical visitors into their facilities to protect against COVID-19 transmission.

50. On June 24, 2020, Defendant fired Plaintiff claiming she could not be accommodated with remote work, and therefore could not work and must be fired.

## COUNT I
### Violations of the Americans with Disabilities Act
### 42 USC §§ 12101 – 12213

51. Plaintiff incorporates by reference every other allegation in this Complaint.

52. Throughout her employment with Defendant, Plaintiff was qualified to and could perform the essential functions of her job, with or without reasonable accommodation.

53. After her injury on January 24, 2020, Plaintiff successfully carried out her work duties for Defendant working remotely until Defendant told her to stop.

54. Plaintiff has a disability under the ADA of which Defendant was aware. She has a physical impairment that substantially limits one or more of her major life activities, has a record of such impairment, or was regarded by Defendant as having such an impairment.

55. Plaintiff engaged in activities that are protected under the ADA by requesting to be allowed to work remotely and for medical leave.

56. Defendant told Plaintiff that must stop work and that she could not work from home or its facility while providing this same accommodation to another and then terminated her employment claiming that she could not work.

57. Defendant failed to provide Plaintiff the reasonable accommodation she requested when the accommodation would have allowed her to work.

58. Defendant failed to engage Plaintiff or her medical providers in the interactive process.

59. Defendant retaliated against Plaintiff for requesting accommodations.

60. Defendant interfered with Plaintiff's exercise or enjoyment of her ADA rights.

61. By these acts, Defendant violated the ADA and directly or proximately caused Plaintiff to suffer damages.

62. Defendant's discrimination against Plaintiff was done with malice or a reckless indifference for Plaintiff's rights. Defendant is therefore liable for punitive damages in an amount sufficient to punish Defendant and to deter it and other employers from engaging in similar conduct.

WHEREFORE, Plaintiff prays for judgment against Defendant on Count I of her Complaint, for a finding that she has been subjected to unlawful discrimination in violation of 42 U.S.C. § 12101 *et seq.*, for compensatory and punitive damages, equitable relief, costs, reasonable attorneys' and experts' fees as provided by 42 U.S.C. §2000e-5(k), and for such other relief the Court deems just and proper.

### COUNT II
### Kansas Common Law
### Retaliatory Discharge

63. Plaintiff incorporates by reference every other allegation made in this Complaint.

64. The public policy of the state of Kansas is that all employees have the right to utilize the workers' compensation laws of Kansas, KSA §44-501 *et seq.* without suffering adverse employment consequences in retaliation for doing so.

65. Plaintiff availed herself of the workers' compensation laws of Kansas by reporting the injury she sustained on January 24, 2020, while carrying out work for Defendant and notifying Defendant of her status as an injured worker.

66. In response, Defendant told Plaintiff she could avail herself of her workers' compensation rights and terminated her employment.

67. Defendant deterred Plaintiff from making a workers' compensation claim and ultimately fired her based on her status as an injured worker, i.e., suffering and/or reporting a work injury.

68. By these acts, Defendant directly and proximately caused Plaintiff to suffer damages.

69. Defendant's conduct was done with malice or reckless indifference to Plaintiff's rights. Defendant is therefore liable for punitive damages in an amount sufficient to punish Defendant and to deter it and other employers from engaging in similar conduct

WHEREFORE, Plaintiff prays for judgment against Defendant on Count II of her Complaint, for a finding that she was unlawfully discharged in retaliation for invoking her rights under the workers' compensation laws of Kansas and for all relief available under Kansas law and the 7th Amendment of the US Constitution including compensatory and punitive damages, costs, interest, and all other relief the Court deems fair, reasonable, and equitable.

### **JURY TRIAL DEMAND & DESIGNATION OF PLACE OF TRIAL**

Plaintiff hereby demands a jury trial in Kansas City, Kansas for all claims made herein.

*Respectfully submitted by,*
**RALSTON KINNEY, LLC**

/s/ *Thomas F. Ralston*
Thomas F. Ralston, D.Kan. #78212
Kenneth D. Kinney, D.Kan. #78544
4717 Grand Avenue, Suite 250
Kansas City, Missouri 64112
Telephone: (816) 298.0086
Facsimile: (816) 298-9455
Email: tom@rklawllc.com
Email: ken@rklawllc.com

**ATTORNEYS FOR PLAINTIFF**
